UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LISA TAYLOR | * | CIVIL ACTION NO. 10-1503 |
|     Plaintiff | * | |
| | * | SECTION "F" |
| VERSUS | * | |
| | * | JUDGE FELDMAN |
| | * | |
| WAL-MART STORES, INC., ET AL | * | MAGISTRATE 1 |
|     Defendant | * | |
| | * | MAGISTRATE SHUSHAN |

* * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**NOW INTO COURT,** through undersigned counsel, comes defendant, Wal-Mart Stores, Inc. (hereinafter "Wal-Mart"), who respectfully submits this memorandum in support of its Motion for Summary Judgment.  For the following reasons, no genuine issues of material fact exist and Wal-Mart is entitled to judgment as a matter of law.

I.    **FACTS**

This suit involves a claim for personal injury brought by plaintiff, Lisa Taylor, as a result of a slip-and-fall incident which allegedly took place in a Wal-Mart's store in New Orleans, Louisiana.  On or about April 19, 2009, plaintiff claims she slipped and fell due to a wet substance on the floor.[1]  Plaintiff further claims that due to the direct and proximate result of the negligence of Wal-Mart, she sustained serious injuries to her knees, arms, head, neck, back, and legs.[2]  She seeks to recover damages for these injuries, as well as lost wages and lost earning

---

[1] *See* Dkt. 1-2 at paragraph 6
[2] *Id* at paragraphs 8, 10

capacity.[3]

Plaintiff testified in her deposition that she slipped and fell while walking behind the baggage carousel in the checkout area of the store.[4]  Plaintiff did not see a clear liquid on the floor and no one suggested there was something on the floor that might cause her to slip.[5]  She noticed no track marks or buggy marks through the area in which she slipped.[6]  She further testified that she possesses no information as to how long the substance was allegedly present on the floor prior to her fall.[7]  Moreover, plaintiff possesses no information to suggest that a Wal-Mart employee caused the liquid to be on the floor or that a Wal-Mart employee knew the liquid was present on the floor.[8]  Accordingly, plaintiff cannot meet her burden of proof and summary judgment is appropriate.

## II.    LAW AND ARGUMENT

### A.    Summary Judgment Standard

Federal Rule of Civil Procedure 56(b) provides that a party against whom a claim is asserted may, at any time, move with or without supporting affidavits for summary judgment in the party's favor. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[9]  Where the non-moving party will bear the burden of proof at trial on the dispositive issue; that party must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an essential element to that party's case in order

---

[3] *Id*
[4] *See* Ex. "A" (Deposition of Lisa Taylor at pp. 69-70)
[5] *Id* at p. 81-82
[6] *Id* at p. 83
[7] *Id*
[8] *Id* at p. 83-84
[9] Federal Rule of Civil Procedure 56(c); *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

to survive summary judgment.[10]

When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show there is some metaphysical doubt to the material facts.[11] The non-moving party must come forward with specific facts showing there is a genuine issue for trial.[12] The mere existence of a scintilla of evidence on the non-moving party's position is insufficient to defeat a properly supported motion for summary judgment.[13] The non-moving party must present evidence upon which a reasonable jury could reasonably find for the plaintiff.[14]

**B.    La. R.S. 9:2800.6**

The question of whether or not summary judgment is proper is made with reference to the substantive law applicable to the case.[15]  Under Louisiana law, a store owner is under a duty to take reasonable care for the safety of its patrons, but it is not the insurer of their safety.[16] Accordingly, the merchant is not under a duty to keep its entrances, aisles, and passageways in perfect condition.[17]  Rather, the duty of the merchant to protect the customers from foreign substances is one of "reasonable care under the circumstances."[18]

The cited jurisprudence was legislatively codified through enactment of LSA-R.S. Section 9:2800.6, which provides in pertinent part:

> A)    A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a

---

[10] *Celotex*, 477 U.S. 322.
[11] *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corporation*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986).
[12] *Matsushita*, 475 U.S. 587, 106 S.Ct. 1356.
[13] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505 (1986).
[14] *Id.*
[15] *Penabler v. Blount*, 550 So. 2d 577 (La. 1989); *Adamson v. State Farm Mutual Automobile Insurance Co., supra.*
[16] *Rodriguez v. New Orleans Public Service, Inc.*, 400 So. 2d 884 (La. 1981); *Crochet v. Hospital Service, District No. 1*, 476 So. 2d 516 (La. App. 1st Cir. 1985);  *Miller v. McDonald's Corp.*, 439 So. 2d 561 (La. App. 1st Cir. 1983).
[17] *Smith v. Winn Dixie Stores of Louisiana, Inc.*, 389 So. 2d 900 (La. App. 4th Cir. 1980);  *Stockwell v. Great Atlantic & Pacific*, 583 So. 2d 1186 (La. App. 1st Cir. 1991).
[18] *Robinson v. F.W. Woolworth Co.*, 420 So. 2d 737 (La. App. 4th Cir. 1982).

reasonable effort to keep the premises free of any hazardous condition which reasonably might give rise to damage.

B)   In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, <u>the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that</u>:

(1)   The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2)   The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence;

(3)   The merchant failed to exercise reasonable care.

C)   Definitions:

(1)   "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition

(2)   "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants and lobby areas of or within the hotel, motel, or inn.

Accordingly, under La. R.S. 9:2800.6, it is incumbent upon the plaintiff to show not only that she sustained damages as a result of a hazardous condition existing on the merchant's premises, but plaintiff must also prove that "<u>the merchant either created or had actual or</u>

constructive notice of the condition which caused the damage, prior to the occurrence; and, that the merchant failed to exercise reasonable care."[19]  Because fault of the merchant is not based on strict liability, plaintiff cannot recover simply because there was a spill on the floor in which plaintiff slipped.  The plaintiff must also prove the defendant breached the duty of reasonable inspection and care of the premises.[20]

In *White v. Wal-Mart Stores, Inc.*,[21] the Louisiana Supreme Court addressed the question of constructive notice under La. R.S. 9:2800.6.  The Court found that because the statute is clear and unambiguous and contains no provision for shifting the burden to the defendant to prove his lack of culpability, it is the plaintiff's burden to prove each element of his or her cause of action under La. R.S. 9:2800.6.  The Court further found that because constructive notice is plainly defined to include a mandatory temporal element, the plaintiff must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence.

The burden of proof does not shift to the defendant at any point and failure to prove any one of these elements negates a plaintiff's cause of action.[22]  Thus, a defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall.[23]  The *White* Court also stated that a claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice.[24]  Thus, the burden does not lie with Wal-Mart to rule out the possibility that the liquid substance could have been there for a certain period of

---

[19] La. R.S. § 9:2800.6. (emphasis added)
[20] *Id.*
[21] *White v. Wal-Mart Stores, Inc.,* 97-C-0393, (La. 9/9/97), 699 So. 2d 1081.
[22] *Davenport v. Albertson's, Inc.,* 774 So.2d 340, 343 (La.App. 3 Cir. 2000); citing: *White v. Wal-Mart*
[23] *Id.* at. 1084.
[24] *Id.*

time.  To the contrary, according to *White*, the burden rests with plaintiff to make a positive showing of the existence of the condition prior to the fall.

The Supreme Court also discussed the liability of merchants for the slip and falls of its customers came in the case of *Babin v. Winn Dixie of Louisiana, Inc.*[25]  Babin brought suit against Winn Dixie for injuries he allegedly sustained when he slipped and fell on several plastic toothpick boxes.  Plaintiff admitted in his deposition that he did not know how the toothpick boxes arrived on the floor, nor did he know how long they had been on the floor before he fell.[26]  The district court granted Winn Dixie's motion for summary judgment and the Court of Appeal reversed, speculating that plaintiff may be able to show there was a possibility the boxes had been on the floor for some period of time prior to the incident.

The Louisiana Supreme Court, however, rejected the analysis of the Appellate Court, noting: "Such speculation falls far short of the factual support required to establish that plaintiff will be able to satisfy his evidentiary burden of proof at trial."[27]  Plaintiff's speculation that the condition may have existed for some period of time prior to his fall was not a "positive showing" under La. R.S. § 9:2800.6 that the condition did exist for some time period prior to his fall.  In sum, plaintiff must produce "factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial."[28]  In the absence of such evidentiary support, summary judgment is appropriate.

## C.    Plaintiff Fails to Meet Her Burden of Proof Under La. R.S. 9:2800.6

As in the aforementioned cases, plaintiff in the present case cannot prove Wal-Mart employees had actual notice of the condition, or that the condition was on the floor for such a

---

[25] 00-0078 (La. 6/30/00); 764 So. 2d 37.
[26] *Id.* at 38.
[27] *Id.* at 40, citing *White v. Wal-Mart Stores, Inc.*
[28] *Id.*

period of time that Wal-Mart should have discovered it in the exercise of reasonable care. Like the plaintiff in *Babin*, the instant plaintiff also testified in her deposition that she did not know how long the liquid was on the floor before she slipped on it, nor did she have any knowledge that a Wal-Mart employee knew that the alleged liquid was on the floor prior to her fall or caused the alleged liquid to be on the floor:

> Q: Do you have any information to suggest, if in fact there was something on the floor that caused you to slip, how long it may have been present before you slipped?
>
> A: Not to my knowledge, no.
>
> Q: If, in fact, there was something on the floor that would have caused you to slip, do you have any information to suggest that a Wal-Mart employee caused it to be there?
>
> A: I can't say for sure who caused it. There was a liquid on the floor.
>
> Q: But you don't know how it got there?
>
> A: No.
>
> Q: If, in fact, there was a liquid on the floor, do you have any information to suggest that a Wal-Mart employee was aware of the fact that it was there before you slipped?
>
> A: I don't have any information, no.[29]

Thus, plaintiff fails to prove the temporal element required to sustain her claim of constructive notice of the alleged spill by Wal-Mart.

In sum, plaintiff's only contention is that she sustained injuries as a result of her slipping and falling while at Wal-Mart. Although in plaintiff's petition she asserts that Wal-Mart's negligence caused her injuries, plaintiff produces no evidence to create a "positive showing" that any Wal-Mart employee had actual notice of the condition, created the condition, or that the condition was on the floor for such a period of time that Wal-Mart should have discovered it in

---

[29] *See* Ex. "A" at pp. 83-84

the exercise of reasonable care.  The mere fact that plaintiff slipped and fell on liquid allegedly on the floor in Wal-Mart and sustained injuries is insufficient to hold Wal-Mart liable under La. R.S. 9:2800.6, as well as the jurisprudence of the Louisiana Supreme Court. Accordingly, because plaintiff cannot prove the elements necessary to meet her burden of proof at trial, summary judgment in favor of Wal-Mart is appropriate.

## III.    CONCLUSION

For the aforementioned reasons, summary judgment in favor of Wal-Mart is appropriate. Plaintiff is required to make a positive showing that Wal-Mart had actual or constructive notice of the presence of water on the floor prior to her fall.  Plaintiff has come forward with no evidence on either count.  Therefore, plaintiff cannot sustain her burden of proof at trial and Wal-Mart is entitled to summary judgment.

Respectfully submitted,

 /s/  Roy C. Beard
ROY C. BEARD (Bar No. 17461)
McCRANIE, SISTRUNK, ANZELMO,
HARDY, McDANIEL & WELCH
400 Lafayette Street, Suite 100
New Orleans, LA  70130
Telephone:  (504) 831-0946
Facsimile:  (504) 529-9796
ATTORNEY FOR DEFENDANT

8

## CERTIFICATE

I do hereby certify that I have on this 30th day of June, 2011, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by filing this pleading electronically using the United States District Court for the Eastern District of Louisiana ECF system.


___/s/  Roy C. Beard_____