UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

LISA TAYLOR                                    CIVIL ACTION

VERSUS                                         NO. 10-1503

WAL-MART STORES, INC., ET AL                   SECTION "F"

<u>ORDER & REASONS</u>

Before the Court are cross-motions for summary judgment and Wal-Mart's motion for partial summary judgment on lost future wages.  For the following reasons, Wal-Mart's cross-motion is GRANTED.  The plaintiff's cross-motion and Wal-Mart's motion for partial summary judgment are both DENIED.[1]

**<u>Background</u>**

This case follows a slip and fall at a Wal-Mart in New Orleans, Louisiana.  Lisa Taylor claims that as she put her purchases in her shopping cart, she slipped on a wet substance on the store's floor and injured her knees, arms, neck, back, and legs.  She seeks damages for her injuries, as well as lost wages and lost earning capacity.  Wal-Mart disputes its liability.

The following facts are not contested:[2]

---

[1]   Wal-Mart's motion for partial summary judgment is moot.

[2]   Because the plaintiff did not file a statement of contested facts with her opposition to Wal-Mart's motion for summary judgment, all facts that Wal-Mart identified as uncontested are deemed not in dispute.  <u>See</u> LR 56.2 ("Any opposition to a motion for summary judgment must include a separate and concise statement of the material facts which the opponent contends present

1

- On April 19, 2009, plaintiff claims she fell due to a wet substance on the floor.

- Plaintiff further claims that due to the direct and proximate result of the negligence of Wal-Mart, she sustained serious injuries to her knees, arms, head, neck, back, and legs.

- Plaintiff testified in her deposition that she slipped and fell while walking behind the baggage carousel in the checkout area of the store.

- Plaintiff did not see a clear liquid on the floor, and no one suggested there was something on the floor that might cause her to slip.

- Plaintiff noticed no track marks or buggy marks through the area in which she slipped.

- Plaintiff possesses no information as to how long the substance was allegedly present on the floor prior to her fall.

- Plaintiff possesses no information to suggest that a Wal-Mart employee caused the liquid to be on the floor or that a Wal-Mart employee knew the liquid was present on the floor.

- Plaintiff possesses a surveillance video showing approximately one hour and one minute of footage prior to her fall depicting the area where she fell.

The plaintiff relies on a surveillance video which captures an hour of footage leading up to her eventual tumble.[3]  What the viewer sees is a steady stream of shoppers flowing through Wal-Mart's check-out stations over the course of an hour.  Cashiers

_____

a genuine issue.  All material facts in the moving party's statement will be deemed admitted, for purposes of the motion, unless controverted in the opponent's statement.").

[3]  The plaintiff does not show that this video is admissible; Wal-Mart, however, has not moved to strike it from her motion.

take money and bag purchases; shoppers place the bags into their carts and depart.  A number of carts glide without incident over the area at which the plaintiff eventually falls.  It does not appear that anyone, either Wal-Mart employee or shopper, looks to the area where the wet substance was alleged to be present, and no other people appear to slip when walking briskly over the area.  No wet substance is visible at any time.  (The view from the camera of the substance's supposed location apparently is obscured by the column of a check-out station.)  The plaintiff emphasizes that at no time, no one comes to inspect the area for possible spills, including employees standing only feet away.

The plaintiff and Wal-Mart each move for summary judgment.  Wal-Mart also moves for partial summary judgment on plaintiff's claim for lost future wages and loss of earning capacity.

## Law & Analysis

### I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury

could return a verdict for the non-moving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

The Court emphasizes that mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. <u>See</u> <u>id</u>. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. <u>Id</u>. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. <u>See</u> <u>Donaghey v. Ocean Drilling & Exploration Co.</u>, 974 F.2d 646, 649 (5th Cir. 1992). He instead must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. <u>Id</u>. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. <u>Martin v. John W. Stone Oil Distrib., Inc.</u>, 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. <u>Anderson</u>, 477 U.S. at 255.

## II.

Article 9:2800.6 of the Louisiana Revised Statutes establishes the plaintiff's burden of proof in slip-and-fall claims against merchants like Wal-Mart:

4

A.  A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition.  This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B.  In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1)  The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2)  The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3)  The merchant failed to exercise reasonable care.  In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove exercise of reasonable care.

C.  Definitions

(1)  "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.  The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

...

(Emphasis added).

Here the parties dispute the element of notice.  In that vein, the Louisiana Supreme Court has interpreted this very direct statute to require the plaintiff to prove the existence of the condition or hazard for some period of time before the fall.  See White v. Wal-Mart Stores, Inc., 699 So.2d 1081 (La. 1997); see also Courville v. Target Corp. of Minn., 232 F. App'x 389, 391-92 (5th Cir. 2007).  If the plaintiff fails to prove that the condition existed for some time before the fall, "[t]he statute does not allow for the inference of constructive notice."  See White, 699 So.2d at 1084.  "Though the time period need not be specific in minutes or hours," the Louisiana Supreme Court has instructed, the requirement that "the claimant prove the condition existed for some time period prior to the fall" imposes a clear and unequivocal temporal element.  Id. at 1084-85.  This temporal component—whether the time period is lengthy enough that a merchant, exercising reasonable care, would have or should have discovered the hazard alleged, the wet substance—is a question of fact, which the plaintiff must prove.  See id. at 1084.

To meet her burden, the plaintiff must make a "positive showing of the existence of the condition" for some time period "prior to the fall."  Leger v. Wal-Mart La. LLC, 343 F. App'x 953, 954 (5th Cir. 2009); see Babin v. Winn-Dixie La., Inc., 764 So.2d 37, 40 (La. 2000).  "'Mere speculation or suggestion' is not

6

sufficient to meet this burden, and courts will not infer constructive notice for the purposes of summary judgment where the plaintiff's allegations are 'no more likely than any other potential scenario.'" Bagley v. Albertson's, Inc., 492 F.3d 328, 330 (5th Cir. 2007) (quoting Allen v. Wal-Mart Stores, Inc., 850 So.2d 895, 898-99 (La. App. 2d Cir. 2003)).

III.

In question is whether the wet substance persisted on the store floor for some period of time sufficient to support constructive notice.[4]   Invoking the statutory definition of constructive notice, Wal-Mart insists that the plaintiff cannot prove that the condition existed for such a period of time that it would have been discovered had Wal-Mart exercised reasonable care. See LA. REV. STAT. ANN. art. 9:2800.6C(1).  In making this assertion, Wal-Mart relies on the plaintiff's deposition testimony that she did not know how long the substance was on the floor before she slipped on it and asserts that no other evidence shows otherwise.

The plaintiff responds that the video recording, taken over the hour before she slipped on the wet substance and fell, conclusively shows that a wet substance existed on the floor for an hour without any Wal-Mart employee making efforts to clean it up.

---

[4]   The parties only cursorily address the question of actual notice.   There is an absence of facts in the summary judgment record to suggest, let alone establish, that Wal-Mart had actual notice of the wet substance on the floor.

She attempts to draw the inference that because no spill is clearly created during this time, it must have been in place before the start of the video recording, more than an hour before her fall. But in making this argument, she improperly attempts to shift the burden to Wal-Mart. But "the statute provides for no such shift." White, 699 So.2d at 1085.

The video merely shows the passage of time and lacks any visual evidence of a wet substance on the floor. The video does not show someone or something creating the wet substance; it does not show others slipping or avoiding the area; it shows no one making a failed attempt to clean or secure the area. To conclude what the plaintiff asks would require this Court to draw a series of impermissible inferences unsupported by this summary judgment record.[5] "Such speculation falls short of the factual support required to establish that plaintiff will be able to satisfy h[er] evidentiary burden of proof at trial." Babin, 764 So.2d at 40.

_____

[5] Even though "[t]he Court may consider circumstantial evidence when determining whether the temporal element of the statute is satisfied," here the circumstantial evidence the plaintiff presents does not "rationally point[] to the possibility that the hazard existed for some time before the plaintiff encountered it." Zachary v. Macy's Retail Holdings, Inc., No. 09-868, 2010 WL 2267522, at *3 (M.D. La. Jun. 2, 2010) (Feldman, J.). Compare Mouy v. Sam's Wholesale, Inc., No. 2010 CA 2295, 2011 WL 2981117, at *2 (La. App. 1 Cir. Jun. 10, 2011) (finding that where a surveillance video was inconclusive as to whether a spill occurred in its time frame, grant of store's summary judgment was not improper) with Nelson v. Southeast Food, Inc., 892 So.2d 790, 797-98 (La. App. Cir. 2005) (finding that where a surveillance video conclusively showed liquid was on the floor for more than twenty-four minutes, it supported constructive notice).

Plaintiff's assertions, quite simply, fail to rise to the requisite "positive showing of the existence of the [wet substance]" to support her claims.  See Leger, 343 F. App'x at 954.

Because the plaintiff is not able to establish an essential element of her claim as required by Louisiana, Wal-Mart is entitled to judgment as a matter of law.[6]  See Celotex, 477 U.S. at 322-23 (showing that the defendant's entitlement to relief on summary judgment can be accomplished by showing a complete absence of record evidence to support a mandatory, element of the plaintiff's claim).  The local law of merchant-liability demands more for plaintiff to be able to withstand a claim for summary relief.

Accordingly, the defendant's motion for summary judgment is hereby GRANTED, and the plaintiff's is DENIED.

IT IS FURTHER ORDERED: Wal-Mart's motion for partial summary judgment on future wage issues is DENIED as moot.

---

[6]  The plaintiff also seeks to avoid dismissal, notwithstanding the absence of a positive showing that the store had constructive notice of the wet substance on the floor, by insisting that summary judgment is premature because limited depositions have yet to be taken.  However, Rule 56(f) continuances are not granted unless the nonmoving party shows how the additional discovery will defeat the summary judgment motion.  Moreover, the proper way of requesting additional time for discovery pursuant to Rule 56(f) is showing by affidavit why facts cannot be presented to defeat the summary judgment motion.  See FED. R. CIV. P. 56(f).  Furthermore, the plaintiff has failed to show, beyond vague assertions, how the additional discovery will create a genuine dispute as to a material fact.  The plaintiff claimed at one time that scheduled depositions could counsel against summary judgment, but, since those depositions took place on July 20, 2011, she has not briefed this Court on whether those depositions did indeed raise any factual issues that would save her claims from dismissal.

9

New Orleans, Louisiana, August 8, 2011.

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE